UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
_____ DIVISION

Joseph Murchison (DOC#1122252) )
   Plaintiff, )
      ) Case No: 11-3422-CV-S-DGK-P
v. )
      )
John Kosen?- Censorship Cmte. Chair )
John and Jane Does - Censorship Cmte. )
                Members )
Michael Bowersox - SCCC Warden ) Jury Trial
John or Jane Doe - Director of Mo. DOC ) Demanded
John or Jane Doe - Division Director )
   Defendants. )
(Note: All defendants are being sued in
their official capacities for relief and
and in their individual capacities for
monetary damages.)
(Note: All parties are jointly and
severably liable.)

PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. §1983

1) PLACE OF PRESENT CONFINEMENT:

South Central Correctional Center located at 255 W. Hwy. 32 in the city

of Licking, county of Texas, and state of Missouri. (Zip code 65542).

2) PREVIOUS CIVIL ACTIONS:

   A. Have you brought any other civil actions in state or federal court

      dealing with the same facts involved in this action or otherwise

      relating to your confinement? Yes.

   B. Describe the action(s) in the space below:

      Civil Action 1:

      1. Plaintiff: Joseph Murchison

         Defendant: Steve Larkins

      2. Court where filed: United States District Court, Eastern District

                        of Missouri, Eastern Division

      3. Docket or case number: 4:09-cv-00431-RWS-FRB

      4. Name of Judge: Hon. Frederick R. Buckles, Magistrate

-1-

5. Basic Claim made: I filed a Petition for Writ of Habeas Corpus because my constitutional rights were violated and I am being illegally held in violation of the laws of the United States

6. Present disposition: The case is still pending

Civil Action 2:

1. Plaintiff: Joseph Murchison

   Defendant: Michael Bowersox

2. Court where filed: 25th Judicial Circuit, Texas County, Missouri

3. Name of judge: Hon. Tracy L. Storie

4. Docket or case number: 09TE-CV00335

5. Basic claim made: Petition for Writ of Habeas Corpus pursuant to Missouri Supreme Court Rule 91 because I am innocent of the charges against me, my rights under the state and federal constitution were violated, and I am being illegally held in violation of state and federal law

6. Present disposition: The case, and appeal, are both closed

Civil Action 3:

1. Plaintiff: Joseph Murchison

   Defendants: Michael Bowersox and Hon. Tracy L. Storie

2. Court where filed: Missouri Supreme Court

3. Docket or case number: SC91163

4. Name of Judge: Hon. Michael F. Stelzer

5. Basic claim made: Petition for Writ of Prohibition/Mandamus/Certiori

6. Present disposition: the case is closed - there was no appeal

3) GRIEVANCE PROCEDURE:

   A. Is there a grievance procedure at the institution in which you are incarcerated? Yes

   B. Have you presented this grievance system the facts which are at issue in this complaint? Yes

   C. What steps did you take: Step 1: Informal Resolution Request - denied, Step 2: Grievance - denied, and Step 3: Grievance Appeal - denied

   D. <Not Applicable>

4) PARTIES TO THIS ACTION:

   A. Plaintiff:

      1. Name of Plaintiff: Joseph Murchison (DOC#1122252)

      2. Plaintiff's address: South Central Correctional Center

         255 W. Hwy. 32

         Licking, MO 65542-9069

      3. Registration number: 1122252

      4. <No additional plaintiffs>

   B. Defendants:

      1. Name of Defendant: John Kosen [SIC?] (last name may be incorrect)

      2. Defendant's address: South Central Correctional Center

         255 W. Hwy. 32

         Licking, MO 65542-9069

      3. Defendant's employer and job title: State of Missouri/Missouri Department of Corrections/South Central Correctional Center; Mr. Kosen is the Chairman of the Censorship Committee

      4. Additional Defendant(s) and address(es):

         a) "John and Jane Does," Censorship Committee Members
            Employer: State of Missouri, Address: South Central

-3-

Correctional Center, Licking, MO 65542-9069

b) Michael Bowersox, South Central Correctional Center Warden
   Employer: State of Missouri Address: South Central Correctional Center, 255 W. Hwy. 32, Licking, MO 65542-9069

c) "John or Jane Doe," Director of Missouri Department of Corrections (or designee for Grievance Appeals)
   Employer: State of Missouri Address: P.O. Box 236, 2727 Plaza Dr., Jefferson City, MO 65102

d) "John or Jane Doe," Division Director (or designee for Grievances)
   Employer: State of Missouri Address: P.O. Box 236, 2727 Plaza Dr., Jefferson City, MO 65102

5. COUNSEL:

   A. Do you have an attorney to represent you in this action? No

   B. Have you made an effort to contact an attorney to represent you in this matter? Yes

   C. State the name(s) and address(es) of the attorneys you contacted and the results of those efforts:

   Gary Brotherton, 1390 Boone Industrial Dr. Ste. 120, Columbia, MO 65202
      Result: No response

   ACLU, 915 15th N.W. 7th Flr., Washington, D.C. 20005
      Result: No response

   National Lawyers Guild, 132 Nassau St. Ste. 922, New York, NY 10038
      Result: No response

   Natalia McKinstry, (unknown, parents contacted by phone)
      Result: Could not take case at this time due to case load

   E. Have you previously been represented by counsel in a civil action in this Court? No

-4-

6. STATEMENT OF CLAIM:

On October 22, 2010, I received a "Censorship Notification" from the Missouri Department of Corrections Censorship Committee stating that the October 11, 2010 issue of Newsweek magazine (Vol. CLVI, No. 15) was being censored. The notification stated:

"Pursuant to our review of this material, we conclude that the security of this institution will be at risk if the material is delivered to you within this institution..."

The committee further stated that this conclusion was based upon the fact that the material:

"#1-Promotes violence, disorder or the violation of state or federal law including inflammatory material. (throughout) pg:32-34"

The note was dated October 7, 2010. It was signed by the Committee Chair John Kosen (could be incorrect) and a committee member whose name is not legible. It contained no further information regarding the content or subject of the censored material nor how the material promoted violence, disorder, violating any law or inflammatory content.

Newsweek magazine is a popular and internationally recognized global news magazine. Its topics include politics, national news, international news, business, popular culture, entertainment, and sports. Its writers and journalists are highly respected and include Fareed Zakaria, Alex Altman, and Jonathan Alter. The magazine is considered mainstream and does not promote any agenda or course of action. It seeks only to inform its reader in an objective and professional manner.

John Kosen(?), Chair of the Censorship Committee and the Censorship Committee members denied me my First Amendment rights to: 1) Send and receive mail, 2) receive information and ideas, and 3) have access to

-5-

the media and the news by their illegal censorship of the above-named magazine by their overzealous and unreasonable determination that merely reporting on an issue equates to promoting it. The committee failed to state what the magazine was promoting and how the material equated to promoting in the first place - as opposed to informing. Furthermore, the committee failed to show how the material was inflammatory.

I filed an Informal Resolution Request (IRR) to begin the Grievance process, and argued that the Censorship Committee's actions were violating my rights, that it was highly unlikely that anything appearing in a Newsweek magazine could be deemed inflammatory or promoting violence or disorder, and stating the censorship guidelines allowed by the U.S. Supreme Court. My IRR was denied on December 17, 2010.

I filed a Grievance before the Warden's office (Michael Bowersox) to bring this issue to his attention and request that he take action to correct the violation of my First Amendment rights. Instead, Mr. Bowersox denied my grievance. Mr. Bowersox's actions where unreasonable given the responses to my IRR. The Censorship Cmte. state that the material was censored due to its content, however, the IRR response stated that the magazine was seized because it was in an envelope marked "privileged". As I stated in my Grievance, if this was true then it contradicted the argument by the Censorship Committee and placed the institution in violation of its own Offender Mail Policy because the item was not opened in my presence as required. By his actions, Mr. Bowersox (and his designee) directly participated in the violation of my Constitutional rights and after being informed of the violation by the Grievance, he failed to remedy the wrong.

I filed a Grievance Appeal to the Division Director and Director of the Missouri Department of Corrections and raised the same issues in the

-6-

Case 6:11-cv-03422-DGK   Document 1   Filed 10/20/11   Page 6 of 11

IRR and Grievance. The Division Director and Director of the Dept. of Corrections were additionally informed that I intended to pursue this issue in federal court if the violation of my First Amendment rights was not corrected. By their actions, both Directors directly participated in the violation of my Constitutional rights and after being informed of the violation by the Grievance Appeal, both failed to remedy the wrong.

Mr. Bowersox, the Division Director and the Director of the Missouri Department of Corrections were grossly negligent in supervising subordinates who committed the wrongful acts and exhibited deliberate indifference to the rights of the Plaintiff by failing to act on information indicating that unconstitutional acts were occurring. All parties acted under the color of state law in an illegal act that deprived the Plaintiff of his First Amendment constitutional rights and continued such acts even after being informed of the facts that made such conduct illegal. Finally, all parties being sued knew or should have known in light of the information presented to them in the IRR/Grievance process that their acts where illegal and served to harm Plaintiff by denying him his protected constitutional rights.

(Please Note: the sender of the censored material was never contacted or given the chance to respond nor argue why the material should not have been censored.)

7. RELIEF

(Please Note: All Defendants, in this regard, are being sued in their "Official" capacities.)

1) Return of the confiscated magazine or replacement, at the Defendants' own cost, of the issue confiscated from the sender;
2) Modification of DOC and SCCC policy to include safeguards that prevent further denials of this type; and

3) An Order prohibiting employees of the South Central Correctional Center, Missouri Department of Corrections, and the State of Missouri from retaliating, in any manner or fashion, against the Plaintiff for filing this action and exercising his First Amendment rights.

9. MONEY DAMAGES:

(Please Note: All Defendants are being sued, in this regard, in their "individual" capacities.)

A. Do you claim either actual or punitive monetary damages for the acts alleged in this complaint? Yes

B. State below the amount claimed and the reason or reasons you believe you are entitled to recover such money damages:

1. $ TBD - Reimbursement for ANY and ALL fees, costs, and expenses incurred as a result of, or associated with, filing, processing, litigating, and prosecuting this case, including Court, legal, and attorney fees;

Actual Damages

2. Plaintiff seeks the following Actual (or Compensatory) Damages:
   a) $400.00 - denial of access to media
   b) $400 - denial of right to send and receive mail
   c) $240 - loss of ability to read magazine (est. $20 damages per month x 12 months (October 2010 until Present))
   d) $5.95 - cost of the magazine
   e) $800 - mental anguish (high blood pressure, depression requiring treatment, and anxiety as a result of this action)

Nominal Damages

3. Plaintiff seeks the following Nominal Damages:
   a) $2,000 - for mental and emotional injury (stress and depression) caused by Defendant's willful actions; for violating Plaintiff's Constitutional rights; and for injury to Plaintiff's personal

liberties.

Punitive Damages

Punitive Damages are necessary because the Defendants' conduct was willful and recklessly indifferent to Plaintiff's Constitutional rights, and are necessary to deter them and others from committing such acts in the future.

4. Plaintiff seeks the following Punitive Damages:

   a) $2,000 - John Kosen (last name may be incorrect) as Chairman of the Censorship Committee and for his direct involvement in the committee's illegal acts

   b) $1,500 - from each Censorship Committee Member (policy requires the committee to act by consensus; however, if this is not the case then Plaintiff seeks the above from only the members that acted to deny him his Constitutional rights) for their direct involvement in the committee's illegal acts

   c) $2,000 - from Michael Bowersox and Designee for his direct involvement through the Grievance in denying Plaintiff his Constitutional rights, for his failure to remedy the wrong after being informed through the Grievance, and for his failure to properly supervise subordinates who committed the illegal acts. This amount also includes his deliberate indifference to Plaintiff's Constitutional rights.

   d) $2,500 - Division Director for his direct involvement through the Grievance Appeal process in denying Plaintiff his Constitutional rights, for his failure to remedy the wrong after being informed through the Grievance Appeal, for his failure to properly supervise subordinates who committed the illegal

-9-

acts, and for his deliberate indifference to Plaintiff's
Constitutional rights.

e) $2,500 – Director of the Missouri Department of Corrections for
his direct involvement through the Grievance Appeal process in
denying Plaintiff his Constitutional rights, for his failure to
remedy the wrong after being informed through the Grievance Appeal,
for his failure to properly supervise subordinates who committed
the illegal acts, and for his deliberate indifference to Plaintiff's
Constitutional rights.

9. Do you claim that the wrongs alleged in the complaint are continuing to
occur at the present time? Yes

WHEREFORE, Plaintiff Joe Murchison prays that this Honorable Court grant him the relief and monetary damages requested, or, in the alternative, grant him a trial. In the latter case, Plaintiff demands a JURY TRIAL. Plaintiff further requests that this Court allow ORAL ARGUMENTS in support of this Petition and at any hearings called by this Court.

Respectfully Submitted,

_Joe Murchison_
Joe Murchison,
Plaintiff – Pro Se.

Oct. 14, 2010
(Date)

Joe Hutchison 1122252
South Central Correctional Center
255 W Hwy 32
Licking, MO 65542-9069

MAILED FROM:
SOUTH CENTRAL
CORRECTIONAL CENTER

Legal Mail

U.S. District Clerk's Office
Western District of Missouri
2710 Charles Evans Whittaker U.S. Courthouse
400 E. 9th St
Kansas City, MO 64106

