UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH MURCHISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-3422-CV-S-DKG-P |
| | ) | |
| JOHN ROGERS,[1] et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS BOWERSOX, LOMBARDI,
AND DORMIRE'S MOTION TO DISMISS**

Defendants Michael Bowersox, George Lombardi, and Dave Dormire, through counsel, move this Court to dismiss this complaint for failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(6).

Plaintiff Joseph Murchison alleges his First Amendment rights were violated while incarcerated at South Central Correctional Center (SCCC) when one Newsweek magazine was censored in October, 2010. Plaintiff has failed to state a claim under Section 1983. Plaintiff has not demonstrated how each defendant is personally involved.

**Failure to State a Claim — No Personal Involvement**

Section 1983 actions must plead personal involvement of every defendant. *Beck v. LaFleur*, 257 F.3d 764 (8th Cir. 2001). Officials merely acting in their

---

[1] Counsel for defendants believes plaintiff has intended to sue "John Rogers," not "John Kozen." Defendant Rogers was a member of the Censorship Committee at South Central Correctional Center ("SCCC").

1

general supervisory positions are not liable for purposes of section 1983. *Grayson v. Ross*, 454 F.3d 802, 811 (8th Cir.2006). General responsibilities of wardens or deputy wardens for supervising prison operations is "insufficient to establish the personal involvement required to support liability." *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). Notably, courts have often found the review and denial of grievances to be included within prison official's supervisory role and do not constitute personal involvement. *See Price v. Kozak*, 569 F.Supp.2d 398, 407–08 n.6 (D. Del. 2008) (Prison officials participation in after-the-fact review of inmate's grievance is not enough to establish personal involvement for section 1983); *see also Ouzts v. Cummins*, 825 F.2d 1276, 1278 (8th Cir. 1987) (holding that "failure to respond to a grievance is insufficient" to set forth a due process claim); *Miller v. Jones*, 791 F. Supp. 240, 241-42 (E.D. Mo. 1992) (denial of grievances does not infringe a constitutional right).

Defendants Lombardi, Dormire, and Bowersox and are not personally involved in Plaintiff's claim. Instead, they have been sued because of their supervisory roles; as Missouri Department of Corrections Director, Director of Adult Institutions, and Warden of SCCC. They are only named defendants because of their participation in Plaintiff's grievances or their negligence in "supervising subordinates who committed the wrongful acts. . . ." (Doc. No. 1, pg. 7). This is insufficient under Section 1983.

Plaintiff's claim is that one Newsweek magazine was unconstitutionally withheld. On the face of his complaint, Plaintiff appears to satisfy pleading

requirements regarding the three remaining defendants (Rogers, Ballinger, and Hadley). These remaining defendants appear to be personally involved in the decision to censor the magazine, or at least be personally involved with general censorship decisions and policy. This is a stark contrast to defendants Lombardi, Dormire, and Bowersox who are only sued because of their positions as high-ranking prison officials.

WHEREFORE, Defendants Lombardi, Dormire, and Bowersox should be dismissed because Plaintiff has failed to state a claim against them.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

/s/ *Jase C. Carter*

Jase C. Carter
Assistant Attorney General
Missouri Bar No. 63752

P.O. Box 899
Jefferson City, MO 65102
Phone No.    (573) 751–0580
Fax No.    (573) 751–9456

**ATTORNEYS FOR DEFENDANTS LOMBARDI, DORMIRE, BOWERSOX.**

**CERTIFICATE OF SERVICE**

I hereby certify on March 19, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following and I hereby certify I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Joseph Murchison
Reg. No. 1122252
South Central Correctional Center
5-D-158
22 West Highway 32
Licking, MO 65542

/s/ *Jase C. Carter*
Assistant Attorney General