UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH MURCHISON, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 11-3422-CV-S-DKG-P |
| JOHN ROGERS,[1] et al., | ) | |
| Defendants. | ) | |

**OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT AND ADD PARTIES (DOC. NO. 17)**

Defendants Rogers, Ballinger, Hadley, Bowersox, Lombardi, and Dormire oppose plaintiff's motion for leave to add additional parties. (Doc. No. 17).

Plaintiff, Joseph Murchison, asks that a new defendant be added; Cyndi Prudden. Murchison alleges Ms. Prudden denied his grievance appeal.

**Adding Ms. Prudden would be futile.**

Once a responsive pleading has been filed "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P.

---

[1] Counsel for defendants believes plaintiff has intended to sue "John Rogers," not "John Kozen."

1

15(a)(2). However, "futility is a valid reason for denial of a motion to amend." *In re Cerner Corp. Securities Litigation*, 425 F.3d 1079, 1086 (8th Cir. 2005).

Defendants oppose the addition of this new defendant because the addition would be futile. Any claims against Ms. Prudden could not withstand a motion to dismiss. Plaintiff does not allege any facts connecting this individual to plaintiff's own lawsuit. There is nothing in plaintiff's motion to indicate any personal involvement — a requirement for plaintiff's § 1983 claims. Murchison only alleges that Ms. Prudden denied him his grievance appeal.

Officials merely acting in their general supervisory positions are not liable for purposes of section 1983. *Grayson v. Ross*, 454 F.3d 802, 811 (8th Cir.2006). Notably, courts have often found the review and denial of grievances to be included within prison official's supervisory role and do not constitute personal involvement. *See Price v. Kozak*, 569 F.Supp.2d 398, 407–08 n.6 (D. Del. 2008) (Prison officials participation in after-the-fact review of inmate's grievance is not enough to establish personal involvement for section 1983); *see also Ouzts v. Cummins*, 825 F.2d 1276, 1278 (8th Cir. 1987) (holding that "failure to respond to a grievance is insufficient" to set forth a due process claim); *Miller v. Jones*, 791 F. Supp. 240, 241–42 (E.D. Mo. 1992) (denial of grievances alone does not infringe on constitutional rights).

WHEREFORE, for these reasons defendants Rogers, Ballinger, Hadley,

2
Case 6:11-cv-03422-DGK   Document 19   Filed 05/16/12   Page 2 of 4

Bowersox, Lombardi, and Dormire oppose plaintiff's motion for leave to add additional parties.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

/s/ *Jase C. Carter*

Jase C. Carter
Assistant Attorney General
Missouri Bar No. 63752

P.O. Box 899
Jefferson City, MO 65102
Phone No.     (573) 751–4692
Fax No.       (573) 751–9456

ATTORNEYS FOR DEFENDANTS
BALLINGER, BOWERSOX,
DORMIRE, HADLEY, LOMBARDI,
DORMIRE, AND ROGERS

# CERTIFICATE OF SERVICE

I hereby certify on May 16, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I mailed by United States Postal Service the document to the following non CM/ECF participants:

Joseph Murchison
Reg. No. 1122252
South Central Correctional Center
5-D-158
22 West Highway 32
Licking, MO 65542

/s/ *Jase C. Carter*
Assistant Attorney General