# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH MURCHISON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 11-3422-CV-S-DGK-P ) |
| JOHN ROGERS, et al., | ) ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS BOWERSOX, LOMBARDI, AND DORMIRE'S MOTION TO DISMISS AND DIRECTING REMAINING DEFENDANTS TO RESPOND**

Plaintiff, who is incarcerated at the South Central Correctional Center (SCCC) in Licking, Missouri, has filed pro se this case pursuant to 42 U.S.C. § 1983, seeking relief for certain claimed violations of his federally protected rights. Currently pending before this Court are defendants Bowersox, Lombardi, and Dormire's motion to dismiss (Doc. No. 14), plaintiffs response (Doc. No. 16), and plaintiff's motion to preserve evidence (Doc. No. 4).

Plaintiff contends that on October 22, 2010, he received a "Censorship Notification" from the Missouri Department of Corrections Censorship Committee informing him that his October 11, 2010, issue of Newsweek was being confiscated because it promoted violence and the violation of state and federal laws. Doc. No. 1, p. 5. Plaintiff claims this act violates his First Amendment right to send and receive mail, receive information and ideas, and have access to the media and the news. Doc. No. 1, p. 6. Plaintiff filed an informal resolution request (IRR) regarding this violation, arguing that it was highly unlikely that "Newsweek" was promoting violence or disorder rather than informing. Id. The IRR was denied on December 17, 2010, in a response stating that the magazine was confiscated because it arrived in an envelope marked "privileged." Id. Plaintiff contends that

this reason violates the "Offender Mail Policy," which requires such items to be opened in front of the inmate. Id. Plaintiff asserts that he filed a grievance with SCCC Warden Michael Bowersox, but Bowersox denied the grievance. Id. Subsequently, plaintiff claims that he filed a grievance appeal to Missouri Department of Corrections Director George Lombardi and Director of Adult Institutions Dave Dormire, but neither Lombardi nor Dormire remedied the alleged wrong. Ultimately, plaintiff claims that defendants Bowersox, Lombardi, and Dormire "were grossly negligent in supervising subordinates who committed the wrongful acts and exhibited deliberate indifference . . . by failing to act on information indicating that unconstitutional acts were occurring." Doc. No. 1, p. 7.

Defendants Bowersox, Lombardi, and Dormire have filed a motion to dismiss, arguing that plaintiff fails to allege their personal involvement in the denial of his constitutional rights. Doc. No. 14. In response, plaintiff argues that Bowersox directly participated in violating plaintiff's rights by denying plaintiff's grievance and acquiescing in the violation. Doc. No. 16, p. 2. Plaintiff claims that Bowersox's signature appears on plaintiff's grievance, stating that the magazine was censored due to its content. Doc. No. 16, p. 3. Furthermore, plaintiff argues that Bowersox is personally involved because he failed to "supervise his employees and act after being informed of the 1st Amendment rights violation committed by the members of the "Censorship Committee." Doc. No. 16, p. 4. Plaintiff argues that defendants Lombardi and Dormire failed to act after they were informed of the constitutional violations in plaintiff's grievance appeals. Doc. No. 16, pp. 4-7. Moreover, plaintiff claims that Dormire is personally involved for failing to supervise his employee, Cyndi Prudden, who signed the response to plaintiff's grievance appeal. Doc. No. 16, p. 5. Lastly, plaintiff claims that Lombardi is personally responsible for "acting to protect the rights of [plaintiff]"

2

and for failing to supervise his employees. Doc. No. 16, pp. 7-8.

When considering defendants' motions to dismiss, the Court must liberally construe the complaint in favor of the plaintiff, accepting material allegations of fact in the complaint as true, unless those allegations are "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id., at 1949 (quoting Bell Atlantic, 550 U.S. at 570). A claim is plausible when the factual content asserted by plaintiff "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atlantic, 550 U.S. at 556). Dismissal of an action also is warranted if the "allegations of constitutional violations are unsupported by sufficient facts to identify the nature of [the] alleged injury." Yancey v. Alexander, 724 F.2d 93, 94 (8th Cir. 1983).

To state a claim under Section 1983, "a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft, 556 U.S. at 676. Plaintiff fails to allege the direct personal involvement of Bowersox, Lombardi, and Dormire in the censorship or confiscation of his magazine. Instead, plaintiff contends that defendants are liable for failing to respond favorably to plaintiff's grievances after the decision had been made by the Censorship Committee to confiscate plaintiff's magazine. Because plaintiff is contending that these defendants are involved in the denial of his federally protected rights due to their supervisory roles, he is attempting to state a claim against them under a theory of respondeat superior, which is not an actionable claim under Section 1983. See Pembaur v. City of Cincinnati,

3

475 U.S. 469 (1986); Monell v. Department of Social Servs. of the City of New York, 436 U.S. 658, 691 (1978); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); Marchant v. City of Little Rock, Arkansas, 741 F.2d 201, 204-05 (8th Cir. 1984). Furthermore, there is no violation of Section 1983 for the failure to follow prison policy or process grievances. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Because plaintiff fails to state a claim against Bowersox, Lombardi, and Dormire, they will be severed and dismissed from this case.

Accordingly, it is **ORDERED** that:

(1) defendants Bowersox, Lombardi, and Dormire's motion to dismiss (Doc. No. 14) is granted, and Bowersox, Lombardi, and Dormire are severed and dismissed from this case with prejudice; and

(2) defendants file a response, on or before June 15, 2012, to plaintiff's motion to preserve evidence (Doc. No. 4).

/s/ Greg Kays
GREG KAYS
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: June 1, 2012.